COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Chief Judge Decker, Judges Huff and Athey
Argued by videoconference


ANITA SHANA-NICOLE SIMMS

v.       Record No. 0915-20-4

ALEXANDRIA DEPARTMENT OF
 COMMUNITY AND HUMAN SERVICES
                                                    MEMORANDUM OPINION* BY
ANITA SHANA-NICOLE SIMMS                  JUDGE CLIFFORD L. ATHEY, JR.
                                                          JUNE 15, 2021
v.       Record No. 0916-20-4

ALEXANDRIA DEPARTMENT OF
 COMMUNITY AND HUMAN SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Nolan B. Dawkins, Judge

Teresa E. McGarrity (Neal Goldberg; JustCause Counsel, PLLC, on
briefs), for appellant.

Matthew W. Greene, Special Assistant City Attorney; Gerylee M.
Baron, Guardian *ad litem* for the infant children (Joanna C.
Anderson; Jill A. Schaub; Greene Law Group, PLLC; Office of the
City Attorney; Law Office of Gerylee M. Baron, on brief), for
appellee.


Through consolidated appeals from the Circuit Court for the City of Alexandria ("trial

court"), the appellant, Anita Shana-Nicole Simms ("mother"), challenges two adjudicatory

orders finding abuse or neglect of her twin daughters ("the children")[1] and two dispositional

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] To protect their privacy, we use "the children" because mother's twin daughters have
the same initials.  Additionally, the records in this case were sealed.  To properly address the
assignments of error mother raises, this opinion includes portions of the sealed records.  See
Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017) ("To the extent that this opinion mentions

orders that (1) transferred custody of the children to the Alexandria Department of Community and Human Services ("ADCHS"), (2) approved foster care plans with the goal of adoption, and (3) remanded both cases back to the Alexandria Juvenile and Domestic Relations District Court ("Alexandria JDR"). Mother specifically assigns the following four errors:

> I. The trial court erred in ruling on dispositional issues and entering dispositional orders in each case without holding a dispositional hearing as statutorily required, but instead, the trial court only set and recorded non-actual dispositional hearing dates and non-actual dispositional hearings on the form adjudicatory orders and form dispositional orders.
>
> II. The trial court erred in approving a foster care plan for each child without reviewing a proposed foster care plan at any hearing, but instead, the trial court only set and recorded non-actual review hearing dates, non-actual review hearings, and non-actual filing dates on the form adjudicatory orders and form dispositional orders.
>
> III. The trial court erred in remanding the cases to Alexandria JDR pursuant to Code § 16.1-297 without rendering a valid final judgment or entering a valid final order in each case.
>
> IV. The trial court erred in adjudicating that the children were abused or neglected as defined in Code § 16.1-228.

We disagree and therefore affirm the decision of the trial court.

## I. BACKGROUND

On appeal, "we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below," in this case, ADCHS. See Farrell v. Warren Cty. Dep't of Soc. Servs., 59 Va. App. 375, 386 (2012) (quoting Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1180 (1991)). So viewed, the evidence is as follows:

On June 8, 2019, ADCHS received allegations that mother had physically neglected the children, who were born prematurely that day. During her high-risk pregnancy, mother did not seek any prenatal care and tested positive for PCP twice. Mother had admitted, after she learned

---

facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case.").

- 2 -

of her pregnancy, to using PCP, a drug she had abused for many years. Mother had a history with ADCHS due to the department's involvement in terminating her parental rights to her other three children. Her 2017 parental capacity assessment showed that she suffers cognitive limitations, has bipolar personality disorder, and is inconsistent with mental health treatment. Consequently, the 2017 report concluded that she is at risk for future child neglect. Notably, the trial court had previously made abuse or neglect findings against mother with respect to three of her other children.[2] ADCHS filed abuse and neglect petitions against mother with respect to the children born on June 8, 2019. After the neo-natal intensive care unit ("NICU") discharged the children on July 26, 2019, they were placed in the care and custody of ADCHS pursuant to emergency removal orders.

Alexandria JDR entered preliminary removal orders on August 2, 2019, and set the adjudicatory and dispositional hearing dates. At the adjudicatory hearing held on September 20, 2019, Alexandria JDR found the children abused or neglected and entered adjudicatory orders. At the dispositional hearing on October 2, 2019, Alexandria JDR entered dispositional orders that transferred the children's custody to ADCHS and approved foster care plans.

Mother appealed to the trial court for a *de novo* hearing on both the adjudicatory and dispositional findings. The trial court then scheduled a single proceeding to occur on March 2, 2020 ("March 2 proceeding") to hear mother's appeal. During the *de novo* March 2 proceeding, ADCHS presented its case-in-chief, which detailed the conditions in support of an abuse and neglect finding by the trial court as well as evidence concerning ADCHS's previous assumption of the care and custody of the children pursuant to the foster care plans for the children. Once

---

[2] See Simms v. Alexandria Dep't of Cmty. & Hum. Servs., No. 1357-19-4, at 3 (Va. Ct. App. Feb. 4, 2020) ("After hearing all of the evidence and arguments, the [trial] court found that the child was abused and neglected."); Simms v. Alexandria Dep't of Cmty. & Hum. Servs., No. 1852-17-4, at 2 (Va. Ct. App. Apr. 24, 2018) ("On May 27, 2016, the [trial] court entered adjudicatory orders finding that the children were abused or neglected.").

ADCHS rested, mother moved to strike, arguing that the evidence ADCHS presented was insufficient to support the children's removal or a finding of abuse or neglect under Code § 16.1-228. The trial court denied mother's motion to strike. Mother then testified in her defense, and ADCHS offered no further evidence in rebuttal.

During closing arguments, ADCHS emphasized that the children were being harmed because mother refused to address her drug abuse and mental health issues before asking the court for both an adjudication of abuse and neglect and for a disposition of the matter, which included continued placement with ADCHS pursuant to the foster care plans. Counsel for mother responded in closing that the children were not being harmed by her drug abuse and mental health issues. Counsel then added, "Since we're here on appeal to the adjudication and the disposition of the removal of the two children, we ask that even if a finding of abuse and neglect be entered, the Court does consider placement with [mother], as I do believe that it could be appropriate at this time."

The trial court found the children abused and neglected "based on the prenatal suggestion that there was smoking of PCP and subsequent birth of the children underweight. However, neither child contained any of the substance in her, in their systems." Considering the best interests of the children, the trial court added that they needed support beyond what mother could provide. The trial court subsequently entered adjudicatory orders on March 6, 2020, that reflected the abuse or neglect findings, pursuant to Code § 16.1-228(1) and 16.1-228(5). Specifically, the trial court indicated that mother "create[d] a substantial risk of death, disfigurement or impairment of bodily or mental functions" for the children. The trial court also entered dispositional orders the same day, indicating that the dispositional hearings had taken place in the trial court on January 20, 2020, and March 2, 2020. These appeals followed.

## II.  ANALYSIS

### A.  ASSIGNMENTS OF ERROR I – III

Mother's first three assignments of error are based on her contention that the trial court erred by issuing dispositional orders in both cases without conducting separate dispositional hearings.  We find that mother has failed to meet her burden of showing that there were no dispositional hearings.

Code § 16.1-278.2(A) provides that "[w]ithin 60 days of a preliminary removal order hearing . . . or a hearing on a preliminary protective order," a dispositional hearing "shall be held if the court found abuse or neglect and (i) removed the child from his home or (ii) entered a preliminary protective order."  Although a panel of this Court decided that a trial court errs when it fails to hold a dispositional hearing or issue a dispositional order in Byrd v. Petersburg Dep't of Soc. Servs., No. 0782-15-2 (Va. Ct. App. July 19, 2016),[3] a trial court is not precluded from holding adjudicatory and dispositional hearings on the same day.  In fact, Code § 16.1-278.2(A) provides that "[i]f a child is found to be [] abused or neglected . . . , the juvenile court or the circuit court may make any of [seven] orders of disposition to protect the welfare of the child," such as "permit[ting] the child to remain with his parent, subject to such conditions and limitations as the court may order" or "transfer[ring] legal custody" to "[t]he local board of social services."

While we recognize that adjudication and disposition are two separate determinations, we find that these determinations can be made on the same day during a single proceeding, provided that the adjudicatory abuse and neglect determination occurs first as a predicate to a separate

---

[3] Mother cites Byrd in support of her appeal, but this case is not binding authority under Rule 5A:1(f).  See Baker v. Commonwealth, 59 Va. App. 146, 153 n.3 (2011) ("[U]npublished opinions are merely persuasive authority and not binding precedent."), aff'd, 284 Va. 572 (2012).

dispositional determination on custody. Upon reviewing the timing of the adjudication and dispositional findings, the trial court made the findings in the correct order.

The record in this case reflects that the trial court scheduled March 2, 2020, to make both determinations and then held both adjudicatory and dispositional hearings during the March 2 proceeding. ADCHS presented evidence to the trial court that supported its request for an adjudicatory finding of abuse and neglect as well as its request for entry of a dispositional order authorizing continued placement with ADCHS. Pursuant to Code § 16.1-278.2(A), the trial court found the children abused or neglected at the March 2 proceeding and subsequently considered possible orders of disposition to protect their welfare; specifically, placement with mother, as she requested, or continued placement with ADCHS – the local board of social services. The trial court subsequently entered the dispositional orders on March 6, 2020.

Under these circumstances, there is no statutory authority prohibiting the trial court from proceeding as it did. Although the trial court did not specifically discuss the foster care plans or provide detailed justifications for its decisions, the foster care plans were before the trial court for a dispositional decision and the court was not required to state for the record the reasons underlying its decisions absent a statutory mandate. See Artis v. Jones, 52 Va. App. 356, 364 (2008); see also Barnes v. Commonwealth, 72 Va. App. 160, 168 (2020). Although mother argues that no dispositional hearing was held at the March 2 proceeding, she notably asked the trial court during that proceeding to decide the dispositional issue of custody; she specifically requested that the children be placed with her.

For these reasons, we hold that mother has failed to meet her burden of showing that there was no dispositional hearing after reviewing the evidence in the light most favorable to ADCHS as the prevailing party below. Further, the trial court did not err in remanding the cases to Alexandria JDR pursuant to Code § 16.1-297.

B. ASSIGNMENT OF ERROR IV – DETERMINATION OF ABUSE OR NEGLECT

Mother also contends that the trial court erred by adjudicating the children abused or neglected. Specifically, mother claims that the evidence was insufficient to find that she abused or neglected the children because they did not test positive for PCP and she showed an appropriate level of care and concern for the children while they were in the NICU.[4] We disagree and find the evidence sufficient to support the trial court's adjudication of abuse or neglect.

"In its capacity as a factfinder . . . the [trial] court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Farrell, 59 Va. App. at 401 (alterations in original) (quoting Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 266 (2005)). When, in the exercise of that discretion, a trial court determines a parent has abused or neglected a child, we do not disturb that determination on appeal unless it is "plainly wrong or without supporting evidence." Id. at 418.

Under Code § 16.1-228, an "abused or neglected child" includes a child "[w]hose parents or other person responsible for h[er] care . . . creates a substantial risk of death, disfigurement or impairment of bodily or mental functions . . . ."

Here, the undisputed evidence shows that during mother's high-risk pregnancy with the children, she did not seek any prenatal care. She also admitted to using PCP during the pregnancy and, in fact, tested positive for PCP on several occasions. The children were then

---

[4] Mother also contends on brief that "[t]he trial court's finding of child abuse and neglect [] lacks a proper basis in light of the definition of 'child' in [] Code § 16.1-228" and that ADCHS "failed to present any evidence establishing a causal nexus between occasional PCP use during pregnancy and premature births or underweight newborns." We find that Rule 5A:18 bars appellate consideration of these specific arguments because they were not raised in the trial court. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."); Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998) ("[We] will not consider an argument on appeal which was not presented to the trial court.").

born to her prematurely. It is therefore apparent from the record that her failure to obtain

prenatal care and her continued abuse of PCP during the pregnancy created a substantial risk of

death, disfigurement, or impairment of bodily or mental functions for the children. As a result,

the trial court's adjudication that mother's conduct created a "substantial risk of impairment of

bodily or mental functions" was not plainly wrong or without evidence to support it. There were

also previous abuse or neglect findings concerning mother's three other children. In addition,

mother's 2017 parental capacity assessment concluded that she suffers from cognitive

limitations, has bipolar personality disorder, and is inconsistent in attending mental health

treatment; consequently, the report concluded that she is at risk for future child neglect.

For these reasons, we find that the trial court's finding of abuse or neglect was neither

plainly wrong nor without evidence to support it.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court. The case is remanded to the trial

court to correct three scrivener's errors under Code § 8.01-428(B).[5]

Affirmed and remanded.

---

[5] The first adjudicatory order incorrectly shows that the dispositional hearing had occurred before the March 2 proceeding on January 20, 2020; however, the second adjudicatory order correctly lists the dispositional hearing date as March 2, 2020, which was when the trial court heard evidence supporting the continued placement of the children with ADCHS. Accordingly, the incorrect date of January 20, 2020, on the first adjudicatory order is no more than a scrivener's error that needs correcting. The other two scrivener's errors are on the dispositional orders, which incorrectly note that the foster care plans for the children were submitted on January 9, 2020. The foster care plans were actually submitted on September 23, 2019, so the dispositional orders must be corrected to reflect this filing date.